## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, | ) | |
| LLC, *et al.,*[1] | ) | Case No. 17-12560 (BLS) |
| | ) | (Jointly Administered) |
| Remaining Debtors. | ) | |
| _____ | ) | |
| MICHAEL GOLDERBG, as Liquidating Trustee | ) | |
| of the Woodbridge Liquidation Trust, successor | ) | Adversary Proceeding No. 19-50756 |
| in interest to the estates of WOODBRIDGE | ) | (BLS) |
| GROUP OF COMPANIES, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| CHRIST TEMPLE BAPTIST CHURCH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### DEFENDANT'S ANSWER TO COMPLAINT FOR AVOIDANCE AND RECOVERY OF PREFERENTIAL AND FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548 & 550

Christ Temple Baptist Church (the "Defendant"), through its undersigned counsel, files the following Answer to Complaint For Avoidance And Recovery Of Preferential And Fraudulent Transfers Pursuant To 11 U.S.C. §§ 544, 547, 548 & 550 (the "Complaint"), averring as follows:

### Nature of the Action

1.      Defendant submits that no response is required to the averments in paragraph 1. To the extent a response is required, the averments in paragraph 1 are denied.

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification number are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard, #302, Sherman Oaks, California 91423.

**The Parties**

2.      The averments in paragraph 2 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 2 are denied.

3.      The averments in paragraph 3 are admitted in part and denied in part.  Defendant admits only that it is a church operating in the State of Illinois.  In further response, the remaining averments in paragraph 3 constitute a conclusion of law to which no response is required.  To the extent a response is required, the remaining averments in paragraph 3 are denied.

**Jurisdiction and Venue**

4.      The averments in paragraph 4 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 4 are denied.

5.      The averments in paragraph 5 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 5 are denied.

6.      Defendant submits that no response is required to the averments in paragraph 6. To the extent a response is required, the averments in paragraph 6 are denied.  By way of further response, the Defendant does not consent to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

7.      The averments in paragraph 7 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 7 are denied.

8.      The averments in paragraph 8 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 8 are denied.

**Case Background**

9.      The averments in paragraph 9 are admitted.

10.     The averments in paragraph 10 are admitted.

## Facts

11.     The Defendant is without sufficient information to admit or deny the averments in paragraph 11.  To the extent a response is required, the averments in paragraph 11 are denied.

12.     The Defendant is without sufficient information to admit or deny the averments in paragraph 12.  To the extent a response is required, the averments in paragraph 12 are denied.

13.     The Defendant is without sufficient information to admit or deny the averments in paragraph 13.  To the extent a response is required, the averments in paragraph 13 are denied.

14.     The averments in paragraph 14 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 14 are denied.

15.     The averments in paragraph 15 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 15 are denied.

16.     The averments in paragraph 16 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 16 are denied.

17.     The averments in paragraph 17 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 17 are denied.

18.     The averments in paragraph 18 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 18 are denied.

19.     The averments in paragraph 19 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 19 are denied

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers - 11 U.S.C. § 547)

20.     Paragraphs 1 through 19 are incorporated herein by reference.

21.     The averments in paragraph 21 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 21 are denied.

22.     The averments in paragraph 22 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 22 are denied.

23.     The averments in paragraph 23 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 23 are denied.

24.     The averments in paragraph 24 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 24 are denied.

25.     The averments in paragraph 25 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 25 are denied.

26.     The averments in paragraph 26 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 26 are denied.

27.     The averments in paragraph 27 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 27 are denied.

28.     The averments in paragraph 28 are admitted in part and denied in part.  Defendant admits only that no such payments have been made to the Plaintiff.  The remaining averments in paragraph 28 are denied.

29.     The averments in paragraph 29 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 29 are denied.

## SECOND CLAIM FOR RELIEF

### (Recovery of Property - 11 U.S.C. § 550)

30.     Paragraphs 1 through 29 are incorporated herein by reference.

31.     The averments in paragraph 31 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 31 are denied.

32.     The averments in paragraph 32 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 32 are denied.

33.     The averments in paragraph 33 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 33 are denied.

## THIRD CLAIM FOR RELIEF

### (To Avoid Intentionally Fraudulent Transfers under 11 U.S.C. §§ 544(b) and 548(a)(1)(A), and Cal. Civ. Code § 3439, *et seq.*)

34.     Paragraphs 1 through 33 are incorporated herein by reference.

35.     The averments in paragraph 35 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 35 are denied.

36.     The averments in paragraph 36 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 36 are denied.

## FOURTH CLAIM FOR RELIEF

**(Recovery of Property - 11 U.S.C. §§ 544(b) and 550 and Cal. Civ. Code § 3439, *et seq.*)**

37.     Paragraphs 1 through 36 are incorporated herein by reference.

38.     The averments in paragraph 38 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 38 are denied.

39.     The averments in paragraph 39 constitute a conclusion of law to which no response is required.  To the extent a response is required, the averments in paragraph 39 are denied.

## DEMAND FOR JURY TRIAL

The Defendant hereby demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant requests that this case be dismissed.

## **AFFIRMATIVE DEFENSES**

40.     Paragraphs 1 through 39 are incorporated herein by reference.

41.     Plaintiff fails to state a claim upon which relief can be granted.

42.     All elements of a *prima facie* case under §§ 544, 547, 548(a), 550 and Cal. Civ. Code § 3439, *et seq.* are not met.

43.     At all relevant times, the Debtors were solvent.

44.     Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, any and all transfers that the Defendant received are immune from avoidance by virtue of 11 U.S.C. § 547(c).

45.     To the extent established in discovery, and assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) are present, the Defendant has a right of setoff under 11 U.S.C. § 553.

46.     The Debtors received reasonably equivalent value for any payments made to the Defendant.

47.     At all times relevant, the Defendant acted in good faith.

48.     Defendant reserves the right to assert additional defenses based upon further investigation or discovery.

Respectfully submitted,

LEECH TISHMAN FUSCALDO &
LAMPL, LLC

Dated:  December 2, 2019          By:/s/ *Gregory W. Hauswirth*
                                   Gregory W. Hauswirth (DE Bar No.5679)
                                   1007 North Orange Street, 4th Floor
                                   Wilmington, DE  19801
                                   Telephone:  302.332.7181
                                   Facsimile:  412.227.5551
                                   ghauswirth@leechtishman.com
                                   *and*
                                   Patrick W. Carothers (PA Bar No. 85721)
                                   Daniel P. Yeomans (PA Bar No. 323449)

525 William Penn Place, 28th Floor
Pittsburgh, PA  15219
Telephone:  412-261-1600
Facsimile:  412-227-5551
pcarothers@leechtishman.com
dyeomans@leechtishman.com

*Attorneys for Defendant, Christ Temple Baptist Church*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| WOODBRIDGE GROUP OF COMPANIES, | ) | |
| LLC, *et al.,*[1] | ) | Case No. 17-12560 (BLS) |
| | ) | (Jointly Administered) |
| Remaining Debtors. | ) | |
| _____ | ) | |
| MICHAEL GOLDERBG, as Liquidating Trustee | ) | |
| of the Woodbridge Liquidation Trust, successor | ) | Adversary Proceeding No. 19-50756 |
| in interest to the estates of WOODBRIDGE | ) | (BLS) |
| GROUP OF COMPANIES, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMANDED |
| | ) | |
| v. | ) | |
| | ) | |
| CHRIST TEMPLE BAPTIST CHURCH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## NOTICE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 2nd day of December 2019, by the Court's electronic mail system and U.S. Mail, first class, postage prepaid, as follows:

Andrew W. Caine, Esquire
Bradford J. Sandler, Esquire
Colin R. Robinson, Esquire
PACHULSKI STANG ZIEHL & JONES LLP
919 North Market Street, 17th Floor
Wilmington, DE 19899-8705

*(Attorneys for MICHAEL GOLDERBG, as Liquidating Trustee of the Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC, et al.)*

*/s/ Gregory W. Hauswirth*

---

[1] The Remaining Debtors and the last four digits of their respective federal tax identification number are as follows: Woodbridge Group of Companies, LLC (3603) and Woodbridge Mortgage Investment Fund 1, LLC (0172). The Remaining Debtors' mailing address is 14140 Ventura Boulevard, #302, Sherman Oaks, California 91423.